UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-25225-CV-MORENO
MAGISTRATE JUDGE REID

ROBERTO A. MARTINEZ,

    Petitioner,

v.

GLEN MORRIS
WARDEN OF THE ECI, et al.,

    Respondents.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This cause is before the Court on Petitioner's *pro se* habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2019-2. [ECF No. 2].

Petitioner, **Roberto A. Martinez**, who is presently confined at the Everglades Correctional Institution ("ECI"), brings this cause of action against Glen Morris, Warden of ECI, and the United States Department of Homeland Security. Although Petitioner filed this cause of action pursuant to 28 U.S.C. § 2241, federal courts "have an obligation to look behind the label of a motion filed by a *pro se*

inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Here, Petitioner "seeks an order which will set aside the immigration detainer lodged against him as [he alleges that] there is no repatriation agreement between the United States and the Republic of Cuba . . . ." [ECF No. 1 at 10]. Accordingly, it appears that Petitioner has attempted to file a petition for review of a removal order. *See* Immigration and Nationality Act § 242; *see also* 8 U.S.C. § 1252.

Therefore, as further discussed below, the Undersigned **RECOMMENDS** that Petitioner's filing [ECF No. 1] be **DISMISSED** for lack of jurisdiction.

## II. Discussion

Petitioner alleges that in 1988 he was convicted of first-degree murder, conspiracy to traffic, and "conspiracy to robbery," and was sentenced to life within the Florida Department of Corrections. [ECF No. 1 at 8]. He contends that on August 22, 2000, the Immigration and Customs Enforcement Agency ("ICE") lodged a detainer against him and that the United States does not have a repatriation agreement with Cuba. [*Id.*]. In summary, Petitioner is challenging the lodged detainer by ICE "as a continuous detention in violation of fundamental guarantees of due process under the United States Constitution." [*Id*. at 8-9].

Accordingly, it appears that Petitioner has attempted to file a petition for

review of a removal order. *See* Immigration and Nationality Act § 242; *see also* 8 U.S.C. § 1252. "Challenges to removal proceedings used to be cognizable under 28 U.S.C. § 2241," but are no longer. *Themeus v. U.S. Dep't of Justice*, 643 F. App'x 830, 832 (11th Cir. 2016). "Following the enactment of the REAL ID act of 2005, district courts lack habeas jurisdiction to entertain challenges to final orders of removal." *Id.* (citing 8 U.S.C. § 1252(a)(5)) (citations omitted). In any event, 8 U.S.C. § 1252 governs judicial review of orders of removal and provides that the appropriate court of appeals "[s]hall be the sole and exclusive means for judicial review of an order of removal . . . ."

As such, this Court recommends dismissal of Petitioner's filing for lack of jurisdiction to the extent Petitioner is challenging the underlying basis of his alleged removal order. *See Alexander v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006).

### III. Conclusion

It is therefore **RECOMMENDED** that this *pro se* filing [ECF No. 1] be **DISMISSED** for lack of jurisdiction, any other pending motions be **DISMISSED AS MOOT**, and the case **CLOSED**.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the District Judge of an issue covered in

this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 14th day of February, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Roberto A. Martinez**
184118
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Ave
Miami, FL 33194
PRO SE

**Matthew James Feeley**
Department of Justice; US Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, FL 33132
Email: matthew.feeley@usdoj.gov