UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-25225-CIV-MORENO

ROBERTO A. MARTINEZ,

       Petitioner,

vs.

GLENN MORRIS, warden of the Everglades
Correctional Institute, and the UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY,

       Respondents.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

THE MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on the Petition for Writ of Habeas Corpus, filed on **December 20, 2019**. The Magistrate Judge filed a Report and Recommendation (**D.E. 9**) on **February 14, 2020**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Reid's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED**. Petitioner was sentenced in 1988 to life imprisonment for first-degree murder and other lesser crimes. Now, decades later, he has filed a 28 U.S.C. § 2241 petition in this Court challenging a decision by Immigration and Customs Enforcement ("ICE") to place a detainer on him, writing that he "seeks an order which will set aside the immigration detainer lodged against him because there is no

repatriation agreement between the United States and the Republic of Cuba." He also writes that the detainer is "a continuous detention in violation of fundamental guarantees of due process under the United States Constitution." To the extent the petition is construed as an appeal of a removal order, 8 U.S.C. § 1252(a)(5) governs judicial review of such orders and provides that the appropriate court of appeals "[s]hall be the sole and exclusive means for judicial review of an order of removal." *See also Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006) (explaining that "section 106 of the REAL ID Act amended 8 U.S.C. § 1252(a) so that a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order. . . . Because Congress gave courts of appeals jurisdiction to review all legal and constitutional errors in a removal order, habeas review became unnecessary.").

Unlike in the Report and Recommendation, this Court also construes the petition as one brought under section 2241, challenging Petitioner's "continuous detention" by ICE. Still, under this reading, this Court likewise lacks jurisdiction. The petition should have been brought against the warden of the state prison where Petitioner is currently incarcerated (Everglades Correctional Institute), not ICE. Petitioner does name the warden as a defendant in his petition, but makes clear both in the petition and in his objections that he is solely challenging his detention by ICE. That argument fails as he is not detained by ICE. *See Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013) ("Although Gonzales-Corrales alleged that ICE lodged a detainer against him, he did not allege that removal proceedings had commenced or that he had been taken into ICE custody. Because Gonzales-Corrales is not in ICE custody, the district court lacked subject-matter jurisdiction to consider the construed § 2241 petition against ICE. Accordingly, the district court properly dismissed without prejudice the construed § 2241 petition.").

It is further

**ADJUDGED** that no certificate of appealability issue.


DONE AND ORDERED in Chambers at Miami, Florida, this 31st of March 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Roberto A. Martinez
184118
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE

United States Magistrate Judge Lisette M. Reid

Counsel of Record